## SUPREME COURT.

GEORGE YOUNGS, respondent, agt. PETER J. SEELY and MARY E. SEELY, his wife, appellants.

In an action against husband and wife, to set aside a deed of lands made to the wife by her father, as fraudulent against the creditors of the father, &c., the *answer* of the defendants should be *verified* (the complaint being verified) by the *wife*, as well as the husband. She has a separate interest and estate from the husband.

On a motion by the plaintiff to strike out the defendants' answer, the defendant cannot set up the objection of multifariousness, or that several causes of action are improperly joined in the complaint. The defendants' remedy is to move to *strike out* a portion of the complaint, or to *demur* to the complaint under § 144, *sub.* 5, of the Code. By omitting to move or demur, the defendant is to be deemed as having waived the objections. (§ 148.)

*Monroe General Term, Dec., 1855.—Submitted.*

JOHNSON, T. R. STRONG and WELLES, *Justices.*

APPEAL from order of special term, setting aside answer, &c.

The action is for the partition of certain premises, situated

in Milo, Yates county, and also to set aside a deed therein mentioned to the defendant Mary E. Seely.

The complaint shows that, on the 15th day of Nov., 1852, the defendant Peter J. Seely and Abel B. Hunt, were seized as tenants in common in fee simple of the premises, describing them. That, on the same day, the plaintiff obtained judgment against said Hunt in the supreme court for about $7,137.80, duly docketed on the same day in Yates county. That after that day, and before the 11th day of May, 1853, several other judgments were obtained against the said Abel B. Hunt in said supreme court, stating them, amounting in all to $777.83. That executions were issued upon all the said judgments to the sheriff of Yates county, who, by virtue thereof, on the 11th of May, 1853, duly sold the interest of Abel B. Hunt in said premises to the plaintiff; and on the 12th day of August, 1854, conveyed the same to the plaintiff pursuant to said sale, whereby the plaintiff became, and still is, the owner of the equal undivided interest of said Hunt, and became seized as tenant in common of said premises with the defendant Peter J. Seely, alleging that the plaintiff and the defendant Peter J. Seely now own said premises in fee simple, as tenants in common—each being seized in fee simple of the one equal undivided half-part thereof.

The complaint then alleges, that the said Abel Hunt and wife, on the 6th of August, 1852, conveyed, by quit-claim deed, to the defendant Mary E. Seely, the wife of the defendant Peter J. Seely, and the daughter of the said Abel B. Hunt, his interest in the said premises, being the equal undivided half-part thereof.

The complaint also alleges that the defendant Peter J. Seely, has received the whole of the rents and profits of the property thus held in common, and refuses to account, &c.

The complaint alleges that when the deed was given by Abel B. Hunt to his daughter, the defendant Mary E. Seely, he, the said Hunt, was largely insolvent, and was indebted to the several plaintiffs, in the judgments before mentioned, for the respective debts and demands for which the judgments were ob-

Youngs agt. Seely and wife.

tained.   That said deed was given without any consideration, and for the purpose of defrauding the creditors of the said Abel B. Hunt, and particularly the plaintiff.

The complaint then asks for judgment, that said deed from Hunt to the defendant Mary E. Seely, be declared void as against the creditors of said Hunt, and particularly as against plaintiff.

That defendant Seely be decreed to account, &c., and for partition, &c.   The complaint was duly verified by the plaintiff.

The defendants put in their joint and several answer, as follows :—

1. They each say that defendant Peter J. Seely and the said Abel B. Hunt, were not, on the 12th Nov., 1852, or at any time since, seized as tenants in common of the premises, &c.

2. That said Abel B. Hunt was not, on the 12th Nov., 1852, or at any time since, legally seized of the one equal undivided half of the premises mentioned in the complaint.

3. That the plaintiff did not, by virtue of the said sale and purchase, become the owner of the equal undivided half of said premises ; and that plaintiff was not, at the time of the commencement of this action, seized as tenant in common of said premises with the defendant Peter J. Seely, &c.

4. That said plaintiff, and the defendant Peter J. Seely, at the time of the commencement of this action, did not own the said premises, as mentioned in the complaint.

5. That said Abel B. Hunt was not indebted to plaintiff, at the time of making, executing and delivering the quit-claim deed by the said Abel B. Hunt and wife to this defendant Mary E. Seely, as mentioned in said complaint.

6. That the said deed to defendant Mary E. Seely, was not given to her without any consideration, nor was the same given for the purpose of defrauding the creditors of the said Abel B. Hunt or the plaintiff in this action, as mentioned in the complaint, or for any fraudulent purpose whatever.

The matters of defence in the 3d, 4th, 5th and 6th answers are stated upon the information and belief of the defendants.

This answer was verified by the defendant Peter J. Seely only, and no excuse is shown why it was not verified by the defendant Mary E. Seely; and on that ground it was offered to be returned, and the defendants' attorney refused to receive it.

On motion made on the part of the plaintiff at a special term, held at Penn Yan, in the county of Yates, on the 26th day of November, 1855, an order was made that the answer be stricken out, and that the plaintiff have judgment upon his complaint, unless the defendants, within twenty days, put in an answer upon the merits, verified by both defendants, and pay the plaintiff ten dollars costs, and that such answer be joint or separate.

This appeal is from the whole of this order.

D. B. PROSSER, *for appellants.*
E. VAN BUREN, *for respondent.*

By the court—WELLES, Justice. The provisions of the Code on the subject of verifying pleadings, are contained in §§ 156 and 157. The latter of these sections declares that if the pleading is required to be verified, it must be done by the affidavit of the party; or if there be several parties united in interest and pleading together, by one at least of such parties acquainted with the facts, if such party be within the county where the attorney resides, and capable of making the affidavit.

In this case, Mrs. Seely is made a party for the purpose of litigating and settling any claim she may have under her deed from her father, Abel B. Hunt. That deed is charged to be fraudulent. If it is valid, the plaintiff clearly has no claim or right in the premises. On that question her interest, in a legal point of view, is distinct and separate from her husband, the other defendant. Her right under the deed, if it shall be held valid, will amount to a separate estate, which she would have a right to dispose of under the statutes of 1848 and 1849, independently of her husband. If this view be correct, the answer

should have been verified, as well by her as by her husband, Peter J. Seely.

The question of multifariousness does not arise on this motion. That question could only arise on a motion by the defendants to strike out a portion of the complaint, or upon demurrer to the complaint under § 144, sub. 5. By omitting to move or demur for that cause, the defendants are to be deemed as having waived the objection. (§ 148.)

I think, also, the special term was correct in ordering judgment unless the conditions of the order were complied with. The complaint made out a case for the relief demanded, except for the objection that several causes of action were improperly joined in the same action, which, as before remarked, can only be raised on demurrer, or motion to strike out.

Order appealed from affirmed, with $10 costs.